1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE E. SMITH,

                    Petitioner,

            v.

JEFFREY UTTECHT,

                    Respondent.

Case No.  C06-5678RJB-KLS

ORDER TO SHOW CAUSE

        This matter is before the Court on petitioner's amended petition for writ of *habeas corpus* pursuant

to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's amended petition and the balance of the

record, hereby finds and ORDERS:

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of

*habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by

respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A

petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair

opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S.

270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of

claims to the state court requires "full factual development" of the claims in that forum. Kenney v.

Tamayo-Reyes, 504 U.S. 1, 8 (1992).

ORDER
Page - 1

On November 20, 2006, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1).  On December 15, 2006, plaintiff filed a motion to replace his petition with an amended petition. (Dkt. #7).  That motion hereby is GRANTED. In his amended petition, however, as in his original petition, petitioner states he currently has a personal restraint petition pending in the Washington State Court of Appeals, Division II, against his judgment and sentence, but not his conviction.   However, the term conviction and judgment, assuming the judgment is one of guilt as it is in petitioner's case, are one and the same.  Accordingly, it appears that petitioner has not fully exhausted his remedies in state court.

The Court, therefore, shall not serve the amended petition on respondent at this time.  Petitioner shall file by **no later than January 22, 2007**, a second amended petition under 28 U.S.C. § 2254 showing that his grounds for federal relief have been properly exhausted in state court, or show cause why this matter should not be dismissed.

The Court further notes that petitioner previously submitted an affidavit in which he stated that he wanted the issues contained in his personal restraint petition to be included as an exhibit to his original federal *habeas corpus* petition. (Dkt. #4).  Petitioner also filed a motion to make certain other changes to his original federal *habeas corpus* petition. (Dkt. #6).  This request and motion, however, were filed prior to the filing of his motion to replace his original petition with his amended petition. (Dkt. #7).  Because it is not clear whether petitioner intended to make the changes he sought to his original petition in his prior request (Dkt. #4) and motion (Dkt. #6) to his amended petition as well, that request and motion hereby are DENIED at this time.  Rather, should he show that all state court remedies have been fully exhausted and file a second amended petition as directed above, petitioner may include therein any additional changes he feels are necessary.

The Clerk shall send a copy of this Order to petitioner.

DATED this 22nd day of December, 2006.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2