UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRUCE E. SMITH,

                Petitioner,

    v.

JEFFREY UTTECHT,

                Respondent.

Case No.  C06-5678RJB-KLS

ORDER TO SHOW CAUSE

      This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  The Court, having reviewed petitioner's amended petition, respondent's answer thereto, petitioner's reply, and the balance of the record, hereby finds and ORDERS:

      The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

Respondent argues petitioner failed to fully exhaust the first ground he raises in his *habeas corpus* petition. That ground reads as follows:

> 3.5 SUPPRESSION OF EVIDENCE . . .
> WHETHER I WAS DENIED DUE PROCESS WHEN THE TRIAL COURT DENIED
> MY REQUEST FOR A CRIMINAL RULE 3.5 HEARING AND STATE ELICITS
> OVER DEFENSE OBJECTION, THE DEFENDANTS [SIC] POST-MIRANDA
> INVOCATION OF SILENCE AS EVIDENCE OF LACK OF DIMINISHED
> CAPACITY.

Petition, p. 6.[1] Specifically, respondent asserts one of the sub-claims contained therein, that the trial court erred in denying defense counsel's motion for a recess to prepare for a CrR 3.5 hearing[2], was not properly exhausted, because petitioner failed to present it as a federal constitutional claim in his briefing to the state courts. For the reasons set forth below, the Court agrees that petitioner's first ground for seeking federal

---

[1]Petitioner's petition begins on page 2. Thus, while this is actually the fifth page of petitioner's petition, the Court shall employ the page notation used by petitioner for the sake of clarity.

[2]Washington State Superior Court Criminal Rule ("CrR") 3.5 provides that "[w]hen a statement of the accused is to be offered in evidence, the judge at the time of the omnibus hearing shall hold or set the time for a hearing, if not previously held, for the purpose of determining whether the statement is admissible."

*habeas corpus* relief has not been fully exhausted.

The initial issue the Court must address, however, is whether petitioner is claiming he was denied due process because his request for a CrR 3.5 hearing was denied, as he wrote in ground one, or rather, because, as respondent asserts, the trial court denied defense counsel's motion for a recess to prepare for such a hearing. Since petitioner did not specifically address this issue in his reply brief, the Court finds respondent's position the more likely. First, it does not appear from the record that defense counsel ever requested a CrR 3.5 hearing, but rather objected to one being held after the fact. See Record, Exhibits, 14 and 18, Verbatim Report of Proceedings, Vols. IV and V. The record also shows that defense counsel did move the trial court for a recess to prepare for that hearing. See id.

Second, the claims raised by petitioner's counsel on direct appeal before the state courts regarding this issue concerned primarily the trial court's denial of the motion for a recess to prepare for the CrR 3.5 hearing. For example, on appeal to the Washington State Court of Appeals, petitioner's counsel assigned specific error to the denial of that motion. See Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 3, Brief of Appellant, p. 3. His counsel also raised the following issue pertaining to assignment of error:

> The trial court erred when it denied the defense's motion for a recess to prepare for a midtrial CrR 3.5 suppression hearing on the issue of whether Mr. Smith had the capacity to understand his *Miranda* rights.

Id., pp. 3 and 8. No mention of or argument with respect to the denial of a request for a CrR 3.5 hearing made by petitioner is contained in that brief.

On the other hand, in his petition for review to the Washington State Supreme Court, petitioner's counsel did present the following issue for review:

> Whether a criminal defendant is denied due process when the trial court denies the defendant's request for a CrR 3.5 hearing and State elicits over defense objection the defendant's post-Miranda invocation of silence as evidence of lack of diminished capacity?

Record, Exhibit 4, Petition for Review, pp. 1 and 5. Again though, no mention of or argument regarding the denial of a request for a CrR 3.5 hearing made by petitioner is contained in the body of the petition. Rather, the petition focused on the impropriety of the trial court allowing certain testimony to be heard by the jury without first holding a CrR 3.5 hearing. Id., pp. 6-8. The petition also specifically addressed the issue of the denial of petitioner's request for a recess to prepare for such a hearing. Id., p. 8.

1    As such, the Court finds that while ground one of petitioner's federal *habeas corpus* petition states

2    that he was denied due process when his request for a CrR 3.5 hearing was denied, petitioner intended to

3    raise the issue of the trial court's denial of his request for a recess to prepare for such a hearing.  No other

4    interpretation of petitioner's petition and the record makes sense.  That being said, it is clear petitioner has

5    failed to properly exhaust this sub-claim of ground one.  In neither his direct appeal to the court of appeals

6    or his petition for review did petitioner make clear he was raising a federal constitutional claim.  That is, he

7    cited no federal constitutional or statutory provisions, federal case law, or state case law analyzing this

8    issue under the federal Constitution.  The record also shows petitioner did not raise this particular issue in

9    any of his other state post-conviction proceedings.

10    When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and

11    the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas*

12    *corpus* power. Francis v. Henderson, 425 U.S. 536, 538-39 (1976).  Rules that promote prompt resolution

13    of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas*

14    court. See Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Thus, federal courts "may not adjudicate

15    mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."

16    Rhines v. Weber, 544 U.S. 269, 273 (2005).  Instead, such petitions "must be dismissed for failure to

17    completely exhaust available state remedies." Jefferson v. Budge, 419 F.3d 1013, 2005 WL 1949886 *2

18    (9th Cir. 2005) (citing Rose v. Lundy, 455 U.S. 509, 518-22 (1982)).

19    As just discussed, the first sub-claim of petitioner's first ground for seeking federal *habeas corpus*

20    relief has not been fully exhausted.  As such, petitioner has presented a mixed petition containing both

21    exhausted and unexhausted federal claims, which, also as just discussed, in itself requires dismissal of the

22    petition.  Before doing so, however, generally the Court is required to provide petitioner with "the choice

23    of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to

24    present only exhausted claims to the district court." Id.; see also Rhines, 544 U.S. at 278; Tillema v. Long,

25    253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend

26    mixed petition by striking unexhausted claims).  This is not so, however, where the petitioner would be

27    procedurally barred from returning to state court to address the unexhausted claims.

28    A *habeas corpus* claim is barred from federal review if the petitioner has failed to exhaust state

remedies and the state's highest court would now find the claim to be procedurally barred. <u>Coleman</u>, 501

U.S. 735 n.1. To give litigants "a fair opportunity to comply with known procedural rules, the controlling

state procedural bar is the one in place at the time the claim should have been raised." <u>Calderon v. U.S.</u>

<u>District Court for the Eastern District of California</u>, 103 F.3d 72, 75 (9th Cir. 1996). Therefore, "[o]nly if

the bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to

foreclose federal review." <u>Id.</u>

   In 1989, the Washington State Legislature enacted the following prohibition against the filing of

successive collateral attacks:

> If a person has previously filed a petition for personal restraint, the court of appeals will
> not consider the petition unless the person certifies that he or she has not filed a previous
> petition on similar grounds, and shows good cause why the petitioner did not raise the
> new grounds in the previous petition. . . . If upon review, the court of appeals finds that
> the petitioner has previously raised the same grounds for review, or that the petitioner
> has failed to show good cause why the ground was not raised earlier, the court of
> appeals shall dismiss the petition on its own motion without requiring the state to
> respond to the petition.

RCW 10.73.140. Under Washington law, the term "collateral attack" is "any form of postconviction relief

other than a direct appeal." <u>In re Becker</u>, 143 Wn.2d 491, 496 (2001) ("collateral attack" includes personal

restraint petitions and motions for new trial). Collateral attacks "cannot simply be a reiteration of issues

finally resolved at trial and upon appellate review." <u>Id.</u> Rather, they "must raise new points of fact and law

that were not or could not have been raised in the principal action." <u>Id.</u> Washington courts thus may not

consider a personal restraint petition or other equivalent motion "if the movant has previously brought a

collateral attack on the same or substantially similar grounds." <u>Id.</u>

   Here, as discussed above, petitioner raised the state constitutional issue of the trial court's denial of

his request for a recess to prepare for the CrR 3.5 hearing in the direct appeal of his conviction. Also as

discussed above, petitioner filed a personal restraint petition with the state courts, which was denied, and in

which he did not raise this issue. <u>See</u> Record, Exhibits 6-13. Petitioner thus now would be procedurally

barred from returning to state court to address his due process challenge to the trial court's failure to grant

the recess request under the federal Constitution. While petitioner can demonstrate "good cause" under

RCW 10.73.140 "if he can show that there was an external objective impediment preventing him from

raising the issues, rather than a self-created hardship," he has not done so. <u>In re Personal Restraint Petition</u>

<u>of Vazquez</u>, 108 Wn.App. 307, 315 (2001).

1    Petitioner thus only will be entitled to federal *habeas corpus* review, if he "can demonstrate cause

2  for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that

3  failure to consider the claims will result in a fundamental miscarriage of justice." See Boyd v. Thompson,

4  147 F.3d 1124, 1126 (9th Cir. 1998) (citing Coleman, 501 U.S. at 750).  Once more though, for the

5  reasons set forth below, petitioner has failed to make such a demonstration.

6    To satisfy the "cause" prong, petitioner must show that "some objective factor external to the

7  defense" prevented him from complying with the state's procedural rule. McCleskey v. Zant, 499 U.S. 467,

8  493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Objective factors constituting "cause"

9  include "interference by officials" making compliance with the procedural rule impracticable, as well as "a

10 showing that the factual or legal basis" for the claims "was not reasonably available." Id. at 493-94

11 (internal quotes omitted).  Constitutionally ineffective assistance of counsel also constitutes cause, but any

12 attorney error short of that will not excuse procedural default. Id. at 494.

13   The mere fact that a petitioner is *pro se* or lacks knowledge of the law, furthermore, is insufficient

14 to satisfy the cause prong.  That is, "[w]hen a pro se petitioner is able to apply for post-conviction relief to

15 a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state

16 supreme court." Hughes v. Idaho State Board Of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (finding

17 petitioner's claims of illiteracy and lack of help in appealing post-conviction petition, though unfortunate,

18 to be insufficient to meet cause standard); Boyd, 147 F.3d at 1126-27.

19   Once a petitioner establishes cause, he must show "'actual prejudice' resulting from the errors of

20 which he complains." Id. (quoting United States v. Frady, 456 U.S. 152, 168 (1982)).  Such prejudice

21 exists if the alleged errors worked to the petitioner's "*actual* and substantial disadvantage, infecting his

22 entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).  In the

23 alternative, a *habeas corpus* petition may be granted without a showing of cause in those "extraordinary

24 instances when a constitutional violation probably has caused the conviction of one innocent of the crime."

25 McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96 (in extraordinary case, where constitutional

26 violation has probably resulted in conviction of one who is actually innocent, federal *habeas* court may

27 grant petition even in absence of showing of cause).

28   Again, petitioner makes no showing that some objective factor external to his defense prevented

him from complying with Washington's procedural bar rule. Because he "cannot establish any reason, external to him, to excuse his procedural default," this court need not address the issue of actual prejudice. Boyd, 147 F.3d at 1127; Thomas v. Lewis, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991) (finding of lack of cause eliminates court's need to discuss whether petitioner was prejudiced). Further, because petitioner is not alleging he is actually innocent, or, if he is, has not demonstrated his probable innocence, this is not the kind of extraordinary instance where the petition should be granted despite the absence of a showing of cause. McCleskey, 499 U.S. at 494; Murray, 477 U.S. at 495-96.

Accordingly, the Court finds petitioner would be procedurally barred from returning to state court to exhaust his ground one sub-claim that his federal due process rights were violated by the trial court's failure to grant his request for a recess to prepare for the CrR 3.5 hearing. The Court thus further finds that his amended petition (Dkt. #15) is mixed, and that due to the procedural bar, allowing petitioner to return to state court to exhaust this claim at this point would be fruitless. On the other hand, as discussed above, the Court may not adjudicate his amended petition because it contains an unexhausted claim. As such, petitioner shall file by **no later than August 6, 2007**, a second amended federal *habeas corpus* petition that does not contain the unexhausted CrR 3.5 hearing sub-claim discussed herein, or show cause why his first amended petition should not be dismissed for failure to exhaust.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 6th day of July, 2007.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 7